

FILED
MAY 22 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BETSEY WARREN LEBBOS,<br><br>Debtor. | Case No. 06-22225-D-7 |
| LINDA SCHUETTE, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BETSEY WARREN LEBBOS, et al.,<br><br>Defendants. | Adv. Proc. No. 07-2006 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM DECISION DENYING EX PARTE APPLICATION FOR STAY OF PROCEEDINGS PENDING THREE APPEALS**

Betsey Warren Lebbos is the debtor in the above-captioned bankruptcy case and a defendant in the above-captioned adversary proceeding. She will be referred to in this memorandum as "the Debtor." On April 24, 2007, the Debtor filed in the bankruptcy case an Ex Parte Application for Stay of Proceedings Pending Three Appeals ("the First Application"), in which she made reference to certain orders previously issued in the bankruptcy case and to certain issues in this adversary proceeding.

142

On May 1, 2007, the court issued an order denying the First Application, and outlined its reasons in a memorandum decision filed the same day.

On May 8, 2007, the Debtor filed in this adversary proceeding an Ex Parte Application for Stay of Proceedings Pending Three Appeals ("the Application"), in which she seeks a stay of this adversary proceeding pending her appeals from this court's denial of (1) her requests to terminate the appointment of the Trustee and Trustee's Counsel, (2) her requests to disqualify the undersigned, and (3) her motions to change venue.[1] She also devotes a section of the Application to "the likelihood of success on the dismissal," although she does not specifically refer to her motion to dismiss her bankruptcy petition, which had been set for hearing on May 9, 2007.

The Debtor cites as authority 11 U.S.C. § 105(a), governing the court's general powers, and Federal Rule of Bankruptcy Procedure 8005, governing the stay of particular orders pending appeal. The Debtor cites no authority for a stay of this adversary proceeding as a whole. This type of relief appears to be governed by 11 U.S.C. § 305(a), under which the court may, in certain circumstances, suspend all proceedings in a case under the Bankruptcy Code. The court will therefore take the application as a request for relief under that section, and will

---

1. The Application refers to eight pending appeals, whereas the First Application referred to only three. The subjects of the eight appeals discussed in the Application are the same as in the three appeals mentioned in the First Application; namely, the Debtor's request to terminate the Trustee and Trustee's Counsel, her request to disqualify the undersigned, and her request to change venue.

deny the application on the basis that section 305(a) requires "notice and a hearing," and the Debtor has not noticed this matter for hearing.[2]

To the extent that the Debtor seeks a stay of the particular orders from which she has appealed, under Federal Rule of Bankruptcy Procedure 8005, the court will first address the arguments raised in the Application that were not in the First Application. First, the Debtor asserts that the Trustee's recent request to set a claims bar date is a fraud on creditors. It is far from clear that there are no realizable assets in the bankruptcy estate in this case. Further, it is not uncommon for a trustee to issue a claims bar date notice before assets have been recovered and liquidated.

The Debtor also complains about the court's issuance of an order to her former attorney directing him to file a declaration indicating whether the Debtor reviewed and signed the Chapter 7 documents before they were filed (Exhibit F to the Application). On February 22, 2007, in her Reply to Trustee's Opposition to Debtor's Motion to Change Venue, the Debtor made the argument that she had not seen, read, or signed the petition commencing the bankruptcy case. In preparing for the continued hearing on the Debtor's motion to change venue, set for April 11, 2007, the court determined that the Debtor's contention should be considered in connection with the motion to change venue, and indeed, in determining whether the case should remain pending.

---

2. The court construes "notice and a hearing" in this instance, pursuant to 11 U.S.C. § 102, to mean a hearing noticed pursuant to Local Bankruptcy Rule 9014-1.

The court finds that its issuance of the Order to File Document, dated April 3, 2007, directed to Mr. Alvey, was an appropriate manner in which to address these new allegations. The court is not of the opinion, as suggested by the Debtor, that the phrasing of the order permitted Mr. Alvey to "avoid perjury."[3]

Finally, the Debtor cites the court's minutes of the April 25, 2007 hearing on the Trustee's motion, DC No. MPD-10 (Exhibit G to the Application), as an "interim order" to require the Debtor to be brought to Redding. This is not correct. At the April 25 hearing, in an effort to accommodate the Debtor's health issues, the court determined that the Debtor would be required to attend an examination under Federal Rule of Bankruptcy Procedure 2004, on ten days' notice, the examination to be held at the federal courthouse in San Jose, California, in the area where the Debtor presently resides. The court's ruling at the April 25 hearing has now been embodied in an order for Rule 2004 examination, dated May 10, 2007. Thus, at least for the time being, the Debtor is not required to travel to Redding.

Turning next to the arguments reiterated in the Application, the court is no more persuaded at this time than when it ruled on the First Application. Thus, the court adopts the reasoning on which it based its denial of the First Application, and concludes

---

3. The Debtor's remaining allegations concerning Mr. Alvey --that he has refused to release the original documents to the Debtor and that he has declined to undergo a polygraph examination--are not sufficient at this time to persuade the court that a motion to dismiss the case is likely to be successful, in particular when there is no properly noticed motion pending.

that the Debtor has not demonstrated both (1) that she is likely to succeed on the merits of her appeals and (2) that the absence of a stay creates the possibility of irreparable injury to her. Similarly, she has not shown the existence of serious questions going to the merits of her appeals, and has failed to show that a balancing of the hardships tips in her favor.

To the extent that the Debtor relies on her motion to dismiss the bankruptcy case, set for hearing on May 9, 2007, that motion was denied by minute order dated May 11, 2007, and therefore, offers no basis on which to stay this adversary proceeding.[4]

Finally, the court notes that the particular orders that the Debtor seeks to stay are orders denying specific relief requested by the Debtor. As such, these orders simply preserve the status quo and there is no affirmative relief to stay.

Accordingly, the court denies the Application, and will issue an order consistent with this memorandum.

Dated: May 22, 2007

ROBERT S. BARDWIL
United States Bankruptcy Judge

---

4. The pre-hearing disposition of that motion advised the parties that the motion would be denied for the following reasons: (1) the Debtor had not served creditors, as required by Federal Rule of Bankruptcy Procedure 2002(a)(4), (2) the Debtor had not filed a separate notice of hearing, as required by Local Bankruptcy Rule 9014-1(d)(2), and (3) the Debtor had not provided proper notice of the time period for filing opposition, as required by Local Bankruptcy Rule 9014-1(f)(1)(ii).

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 197
New Almaden, CA 95042

Raymond Aver
12424 Wilshire Blvd., #750
Los Angeles, CA 90025

DATE: May 22, 2007

Andrea Lovgren
Deputy Clerk