FILED

SEP 2 4 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 06-22225-D-7 |
| | ) | |
| BETSEY WARREN LEBBOS, | ) | |
| | ) | |
| Debtor. | ) | |
| ——————————————————— | ) | |
| | ) | |
| LINDA SCHUETTE, | ) | Adv. Pro. No. 07-2006-D |
| | ) | |
| Plaintiff, | ) | Docket Control No. TC-1 |
| | ) | |
| v. | ) | |
| | ) | |
| BETSEY WARREN LEBBOS, | ) | |
| et al., | ) | |
| | ) | DATE: September 12, 2007 |
| Defendants. | ) | TIME: 10:00 a.m. |
| ——————————————————— | ) | DEPT: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

<u>MEMORANDUM DECISION</u>

Thomas Carter, Co-Trustee of the Aida Madeleine Lebbos No. 2 Trust, a defendant in this action ("Defendant"), seeks to disqualify the undersigned as the bankruptcy judge in this adversary proceeding.  For the reasons set forth below, the court will deny the Defendant's request.

I.  INTRODUCTION

On June 26, 2006, Betsey Warren Lebbos ("Debtor") filed a voluntary chapter 7 petition, thereby commencing the case in which this adversary proceeding is pending.  On January 3, 2007, Linda Schuette, the chapter 7 trustee in the case ("Plaintiff") filed a complaint seeking to set aside alleged fraudulent transfers, to recover property and/or monetary damages, for turnover of property, and for declaratory relief, thereby commencing this adversary proceeding.  The defendants in the adversary proceeding are the Debtor, individually and as a trustee of the Aida Madeleine Lebbos No. 2 Trust ("the Trust"), the Defendant, as a trustee of the Trust, and Jason Gold, as a trustee of the Trust.[1]

On August 17, 2007, the Defendant filed a document entitled "Affidavit for Disqualification of Honorable Robert Bardwil" ("Affidavit").  The caption of the Affidavit contained a hearing date of August 29, 2007, but the Defendant did not file a notice of hearing or an application for an order shortening time, as required by Local Bankruptcy Rule 9014-1.

Also on August 17, 2007, co-defendant Jason Gold filed his own request, in the form of a "Request for Disqualification of Honorable Robert Bardwil," and on August 24, 2007, the Debtor filed a document in the parent bankruptcy case entitled "Judicial

---

1.    The Plaintiff also named Ms. Lebbos, Mr. Gold, and Mr. Carter as trustees of the Aida Madeleine Lebbos Trust II.  The caption of the request that is the subject of this decision refers to that trust as "non-existent."  The court makes no decision herein with regard to the correct name of the trust or as to whether there are one or more trusts at stake in this proceeding.

- 2 -

1 Disqualification Affidavit For Honorable Robert Bardwil Due to

2 His Interest in the Outcome, Partisanship, Bias, Prejudice, And

3 Prejudgment Against The Disabled." Finally, on September 6,

4 2007, the Debtor filed a document bearing the same title in this

5 adversary proceeding.

6 On August 29, 2007, the court issued orders on the first

7 three matters, the Debtor's affidavit in the parent case and Mr.

8 Gold's request and Mr. Carter's affidavit in this adversary

9 proceeding, construing the matters as motions, setting them for

10 hearing on September 12, 2007, and setting a deadline of

11 September 5, 2007, for the filing of responses. The Plaintiff,

12 through her counsel, Michael Dacquisto, filed opposition in all

13 three matters on August 30, 2007.

14 On September 12, 2007, the court heard oral argument. The

15 following parties appeared and presented argument: Jason Gold on

16 his own behalf, John Read (by telephone), making a special

17 appearance for the Debtor, and Michael Dacquisto (by telephone),

18 for the Plaintiff. Defendant Carter did not appear.

19 No objection was made to any evidence offered. The motion

20 having been briefed and argued by those parties wishing to be

21 heard, the court took the motion under submission.

## II. ANALYSIS

### A. Legal Standards for Disqualification

24 This court has jurisdiction over the motion pursuant to 28

25 U.S.C. sections 1334 and 157(b)(1). The motion is a core

26 proceeding under 28 U.S.C. section (b)(2)(A) & (O); In re Betts,

27 143 B.R. 1016, 1018 (Bankr. N.D. Ill. 1992).

28 / / /

"A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises, or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

Section 455 of Title 28 provides in part as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
>>
>> * * *
>>
>> (4) He knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

The disqualification statute was comprehensively revised in 1974, to provide for disqualification not only where a judge holds a personal bias or prejudice, but also to spell out a list (not fully reproduced above) of various interests and relationships that require the judge to disqualify himself from hearing a proceeding; such interests and relationships were only generally stated in the prior statutory language. Liteky v. United States, 510 U.S. 540, 546-48 (1994). Section 455(a) was added to include objective, "catch-all" grounds for disqualification, in addition to the earlier "interest or relationship" grounds and "bias or prejudice" grounds, which are

1 now specifically stated and set forth in the various subsections

2 making up § 455(b).  Liteky, 510 U.S. at 548.  Under § 455(a),

3 "[the standard for recusal is clearly objective: 'whether a

4 reasonable person with knowledge of all of the facts would

5 conclude that the judge's impartiality might reasonably be

6 questioned'."  In re Georgetown Park Apts., Ltd., 143 B.R. 557,

7 559 (B.A.P. 9th Cir. 1992), quoting United States v. Nelson, 718

8 F.2d 315, 321 (9th Cir. 1983) (other citations omitted).

9       The Code of Conduct for United States Judges (the "Code of

10 Conduct") mirrors the provisions of 28 U.S.C. § 455.  The Code of

11 Conduct requires that "every judicial officer must satisfy

12 himself that he is actually unbiased towards the parties in each

13 case and that his impartiality is not reasonably subject to

14 question."  In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

15 Under this standard, the judge must not only be subjectively

16 confident that he is unbiased; it is also objectively necessary

17 that "an informed, rational, objective observer would not doubt

18 his impartiality."  Id. at 844, citing United States v. Winston,

19 613 F.2d 221, 222 (9th Cir. 1980).  However, "to say that §

20 455(a) requires concern for appearances is not to say that it

21 requires concern for mirages."  United States v. El-Gabrowny, 844

22 F. Supp. 955, 961 (S.D.N.Y. 1994).  As such, recusal must be

23 based on factors in the record and in the law.  Id. at 962.

24       Cases applying recusal statutes apply a presumption of

25 impartiality.  E.g. In re Larson, 43 F.3d 410, 414 (8th Cir.

26 1994) (judge presumed impartial; parties seeking recusal bear

27 "substantial burden" of proving otherwise); First Interstate Bank

28 v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000)

- 5 -

1  ("Judicial impartiality is presumed"); <u>In re Spirtos</u>, 298 B.R.

2  425, 431 (Bankr. C.D. Cal. 2003) ("A judge is presumed to be

3  qualified to hear a matter and the burden is upon the moving

4  party to prove otherwise").

5      In addition, "[j]udges have an obligation to litigants and

6  their colleagues not to remove themselves needlessly . . .

7  because a change of umpire in mid-contest may require a great

8  deal of work to be redone . . . and facilitate judge-shopping."

9  <u>In re Betts</u>, 143 B.R. 1016, 1020 (Bankr. N.D. Ill. 1992), quoting

10  <u>In re National Union Fire Ins. Co.</u>, 839 F.2d 1226, 1229 (7th Cir.

11  1988) (omitting citation); <u>see also</u> <u>In re Computer Dynamics,</u>

12  <u>Inc.</u>, 253 B.R. 693, 698 (E.D. Va. 2000) (judge equally obligated

13  not to remove himself when there is no necessity and to do so

14  when there is), <u>aff'd</u> 10 F. App'x 141 (4th Cir. 2001).

15  <u>B.  The Defendant's Arguments</u>

16      <u>1.  Contentions re Factual Allegations of the Complaint</u>

17      The Defendant begins with three paragraphs outlining his

18  contentions regarding the factual allegations in the Plaintiff's

19  complaint.  It is not necessary or appropriate that the court

20  consider these contentions in ruling on the Affidavit, and the

21  court therefore will not address or consider them.

22      <u>2.  Allegations Previously Considered</u>

23      In paragraphs 4 through 9 of the Affidavit, the Defendant

24  recites a variety of conclusions based on his "understandings" of

25  previous rulings in this case.  There is no evidence the

26  Defendant has personal knowledge of any of these rulings, or of

27  the evidence on which the rulings were based.  The Defendant does

28  not identify the source of his understandings.  The particular

- 6 -

1 arguments raised in these paragraphs have been previously

2 considered by the court and addressed in the court's Memorandum

3 Decision filed April 13, 2007 (DN 250 in the parent case)[2] and

4 its Memorandum Decision issued herewith in connection with the

5 Debtor's second request for disqualification of the undersigned,

6 Docket Control No. BWL-9.   The court's responses will not be

7 repeated here except to say that the court finds the Defendant's

8 conclusions to be unfounded.

9 3.   Alleged Intention to "Take Trust Property"

10      The Defendant refers to a transcript in which the

11 undersigned is alleged to have said that he "is barring [the

12 defendants] from defending [the Debtor's] daughter's trust

13 property,"[3] and that he "is going to take my property from me

14 without letting me defend."[4]   The Defendant has failed to provide

15 a copy of any transcript, and the court is aware of no instance

16 in which any such remarks were made.

17      The contention is without support.   In fact, the court set

18 aside the default of the three co-trustees, Ms. Lebbos, Mr.

19 Carter, and Mr. Gold, and has allowed them repeated extensions of

20 the deadline to file an answer or other responsive pleading.   The

21 Defendant, through counsel, filed a motion to set aside his

22 default on February 20, 2007.   Yet it was almost six months

23 later, on August 17, 2007, that the Defendant filed his first

24 responsive pleading, a motion to dismiss.   (At a hearing on

25 ────────────────────

26      2.   The abbreviation "DN" refers to the docket number of the
particular entry on the court's docket.

27      3.   Affidavit at ¶ 6.

28      4.   Affidavit at ¶ 11.

- 7 -

1  August 1, 2007, the court had granted the most recent extension

2  of time, to August 17.   DN 187.)   The facts do not support the

3  conclusion that the court has been anything less than completely

4  fair to the Defendant.

5  4.   Remarks of Unidentified Persons

6      A second paragraph 9 recites the purported remarks of

7  "people [the Defendant] has talked to."   The court assumes these

8  alleged conversations are included to support a finding that "an

9  informed, rational, objective observer" would doubt the court's

10  impartiality.   See In re Bernard, supra, 31 F.3d at 844.   The

11  court concludes that an informed, rational, objective observer

12  would find no reason to doubt the court's impartiality toward the

13  Defendant in this action.   The alleged comments of unidentified

14  individuals, derived from their hearsay discussions with the

15  Defendant, in turn based on the Defendant's "understandings," add

16  nothing helpful to the analysis.

17                     III.   CONCLUSION

18      For the reasons stated above, the court finds that the

19  Defendant has not met his burden under 28 U.S.C. § 455(a) of

20  overcoming the presumption of impartiality and demonstrating that

21  the impartiality of the undersigned might reasonably be

22  questioned.   Neither has the Defendant demonstrated grounds for

23  disqualification under 28 U.S.C. § 455(b).

24      The court will issue an order consistent with this

25  memorandum.

26

27  Dated: September 24, 2007      *Robert Bardwil*
                                   ROBERT S. BARDWIL

28                                 United States Bankruptcy Judge

- 8 -

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

Thomas Carter
P.O. Box 41175
Long Beach, CA 90853

Jason Gold
17091 Elm Street, Suite 3
Huntington Beach, CA 92646

DATE: September 24, 2007      _____
                             Deputy Clerk