

FILED
APR 17 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BETSEY WARREN LEBBOS,<br><br>        Debtor.<br>_____<br>LINDA SCHUETTE,<br><br>        Plaintiff,<br><br>v.<br><br>BETSEY WARREN LEBBOS,<br>et al.,<br><br>        Defendants. | Case No. 06-22225-D-7<br><br><br><br><br><br><br>Adv. Pro. No. 07-2006-D<br><br>Docket Control No. MPD-7<br><br><br><br>DATE: April 17, 2008<br>TIME: 10:00 a.m.<br>DEPT: D |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court having considered the pleadings, documentary evidence, and testimony presented in connection with the Application For Default Judgment Against All Defendants, bearing Docket Control No. MPD-1, filed by plaintiff Linda Schuette, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. This adversary proceeding arises from the captioned bankruptcy case referenced above. This court has jurisdiction of this case under 28 U.S.C. § 1334. Venue rests with the court under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). Trustee's Complaint (1) to Set Aside Fraudulent Transfers and to Recover Property and/or Monetary Damages (2) for Turnover of Property, and (3) for

Declaratory Relief ("Complaint"), filed January 3, 2007, ¶ 1.

2. On June 26, 2006, the debtor BETSEY WARREN LEBBOS (hereafter LEBBOS) filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code. SCHUETTE was appointed the trustee in LEBBOS' case. Complaint, ¶ 2.

3. Defendant LEBBOS, an individual, is the debtor in the captioned bankruptcy case referenced above. At all relevant times, LEBBOS was either the sole trustee or a co-trustee of the AIDA MADELEINE LEBBOS NO. 2 TRUST (hereafter TRUST #2) and the AIDA MADELINE LEBBOS TRUST II (hereafter TRUST II). Complaint, ¶ 3.

4. Defendant JASON P. GOLD (hereafter GOLD) is an individual. At all relevant times, GOLD was either the sole trustee or a co-trustee of TRUST #2 and TRUST II. Complaint, ¶ 4.

5. Defendant THOMAS CARTER (hereafter CARTER) is an individual. At all relevant times, CARTER was either the sole trustee or a co-trustee of TRUST #2 and TRUST II. Complaint, ¶ 5.

6. TRUST #2 and TRUST II purport to be trusts formed, created, and operating under the laws of the State of California. Complaint, ¶ 6.

7. At all times in this matter, defendants LEBBOS, GOLD, and CARTER were the agents/employees and principals for each other, and were all acting within the course and scope of said agency, employment, and principal relationship. Complaint, ¶ 7.

8. LEBBOS, GOLD, and CARTER own, operate, control, and manage, either directly or indirectly, TRUST #2 and TRUST II and

all of the properties and assets in those trusts. LEBBOS is the person directly responsible for this ownership, operation, control, and management. Complaint, ¶ 8.

9. LEBBOS took title to real property located at 2121 East First Street, #202, Long Beach California 90803 APN# 7264-028-101 (hereafter CONDO) by a grant deed from Sharon Calhoun Diel Ryan to Betsey Warren Lebbos, An Unmarried Woman. That deed was recorded on November 2, 2001 with the Los Angeles County Recorder. Complaint, ¶ 9; Exhibit A to Complaint.

10. LEBBOS transferred title to the CONDO by grant deed from Betsey Warren Lebbos, an unmarried woman, to Betsey Warren Lebbos, Trustee, Aida Madeleine Lebbos No. 2 Trust (hereafter TRANSFER 1). That deed stated "THIS CONVEYANCE TRANSFERS AN INTEREST INTO OR OUT OF A LIVING TRUST RT 11930" in support of the notation on the deed that the documentary transfer tax due as a result of the transfer was $0.00. The reference to RT 11930 is to California Revenue and Taxation Code § 11930 which provides, in substance, that no documentary transfer tax is owed on recording a deed when the transfer takes place as an inter vivos gift or by reason of someone's death. This deed was recorded on August 19, 2004 with the Los Angeles County Recorder. Complaint, ¶ 10; Exhibit B to Complaint.

11. LEBBOS transferred title to the CONDO by grant deed from Betsey Warren Lebbos, as Trustee of the Aida Madeline Lebbos Trust II, to Jason P. Gold and Thomas Carter, as Trustees of the Aida Madeline Lebbos Trust II (hereafter TRANSFER 2). That deed stated "This conveyance transfers an interest into or out of a living trust - RT 11930" in support of the notation on the deed

that the documentary transfer tax due as a result of the transfer was $0.00. This deed was recorded on May 25, 2005 with the Los Angeles County Recorder. Complaint, ¶ 11; Exhibit C to Complaint.

12. At the time of TRANSFER 1 and at the time of TRANSFER 2, there were one or more creditors of LEBBOS. Complaint, ¶¶ 13, 26.

13. LEBBOS has acted as though and has treated the CONDO as her own property. LEBBOS rented a portion of the CONDO to CARTER and directed the rent payments be made directly to her and placed into a bank account in the name of her former business. Complaint, ¶ 26.

14. TRANSFER 1 of the CONDO from LEBBOS individually to LEBBOS as trustee of TRUST #2 and TRANSFER 2 of the CONDO from LEBBOS as trustee of TRUST #2 to GOLD and CARTER as trustees of TRUST II were done solely to hide LEBBOS' ownership of the CONDO from her creditors. Complaint, ¶ 26.

15. LEBBOS, GOLD, and CARTER have in their possession or under their control property of the bankruptcy estate; i.e. CONDO, and proceeds from that property; i.e. rents being generated, which they have not turned over to SCHUETTE. Complaint, ¶ 27.

16. SCHUETTE has made demand on LEBBOS, GOLD, and CARTER to turn over the CONDO and the rent proceeds being generated. Complaint, ¶27. LEBBOS, GOLD, and CARTER have refused to turn over the CONDO, the rent proceeds being generated, or an accounting of the rent proceeds to SCHUETTE. Declaration of Linda Schuette in Support of Application for Default Judgment

- 4 -

Against All Defendants, filed March 11, 2008, ¶ 7.

## CONCLUSIONS OF LAW

1. LEBBOS made TRANSFER 1 and TRANSFER 2 with the actual intent to hinder, delay, or defraud one of more creditors of LEBBOS. Complaint, ¶¶ 13, 17.

2. LEBBOS did not receive a reasonably equivalent value in exchange for TRANSFER 1 or for TRANSFER 2. Complaint, ¶¶ 14, 18, 22.

3. LEBBOS was insolvent at the time she made TRANSFER 1 and TRANSFER 2 or became insolvent as a result of said transfers. Complaint, ¶¶ 14, 23.

4. LEBBOS intended to incur, or believed or reasonably should have believed she would incur debts beyond her ability to pay as they came due at the time of TRANSFER 1 and the time of TRANSFER 2. Complaint, ¶ 14, 19.

5. Nothing about TRANSFER 1 or TRANSFER 2 changes the true equitable ownership of the CONDO, which is that it is property of LEBBOS, in her individual capacity, and has always been so. Complaint, ¶ 26.

6. LEBBOS, GOLD, and CARTER are required to turnover to SCHUETTE the CONDO, all rents it has generated and an accounting for those rents. Complaint, ¶ 27.

Dated: April 17, 2008

_____
ROBERT S. BARDWIL
United States Bankruptcy Judge

- 5 -

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

Jason Gold
17091 Elm Street, Suite 3
Huntington Beach, CA 92646

Thomas Carter
P.O. Box 41175
Long Beach, CA 90853

DATE: April 17, 2008

_____
Andrea Lovgren