FILED

JUN 18 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BETSEY WARREN LEBBOS,<br><br>        Debtor.<br>_____<br>LINDA SCHUETTE,<br><br>        Plaintiff,<br><br>v.<br><br>BETSEY WARREN LEBBOS,<br>et al.,<br><br>        Defendants.<br>_____ | Case No. 06-22225-D-7<br><br><br><br><br><br><br><br>Adv. Pro. No. 07-2006-D<br><br>Docket Control No. MPD-8<br><br><br><br>DATE: June 18, 2008<br>TIME: 10:00 a.m.<br>DEPT: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or Issue preclusion.**

<u>MEMORANDUM DECISION</u>

Plaintiff Linda Schuette seeks an award of costs against the defendants in this action, Betsey Warren Lebbos, Jason Gold, and Thomas Carter, in the sum of $1,133.40. For the reasons set forth below, the court will grant the plaintiff's motion.

<u>I. INTRODUCTION</u>

On January 3, 2007, the plaintiff filed the complaint herein seeking to set aside alleged fraudulent transfers, to recover property and/or monetary damages, for turnover of property, and for declaratory relief. The defendants are Betsey Warren Lebbos, individually and as a trustee of the Aida Madeleine Lebbos No. 2

Trust, and Jason Gold and Thomas Carter, as co-trustees of the Aida Madeleine Lebbos No. 2 Trust.

On April 17, 2008, this court issued findings of fact and conclusions of law on the plaintiff's motion for default judgment against all the defendants, and a judgment against all the defendants. Pursuant to paragraph 9 of the judgment, the plaintiff was permitted to file, within 30 days from the date of the judgment, a motion seeking to recover her costs incurred in this adversary proceeding, to the extent not previously awarded. On May 13, 2008, within the 30-day period, the plaintiff filed a Motion for Award of Costs in the Sum of $1,133.40 Against All Defendants ("the Motion").

Defendant Betsey Warren Lebbos filed opposition and a declaration on June 3, 2008, and a hearing was held on June 18, 2008. The following parties appeared and presented oral argument: John Read (by telephone), making a special appearance for defendant Betsey Warren Lebbos (by telephone), and Howard Nevins, making a special appearance for Michael Dacquisto, counsel for the plaintiff.

The Motion having been briefed and argued by those parties wishing to be heard, the court took the Motion under submission.

## II. ANALYSIS

This court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E) & (H).

Pursuant to Federal Rule of Bankruptcy Procedure 7054(b), the court may allow costs to the prevailing party in an adversary proceeding except when a statute of the United States or the

Federal Rules of Bankruptcy Procedure otherwise provide. No party in interest has suggested that any statute or rule otherwise provides in this case.

The court finds that the plaintiff, having had judgment entered in her favor in this proceeding against all the defendants, is the prevailing party, and as such, is entitled to an award of her costs incurred. The court further finds that the costs sought by the plaintiff in the Motion, $250 for the filing fee for the adversary complaint, $585 for nonappearance fees charged by a deposition reporting firm, and $298.40 for certified copies of documents used as exhibits in support of the plaintiff's motion for default judgment, were reasonable and necessary, and are therefore allowable and chargeable against all the defendants.

The court has considered defendant Lebbos' opposition and the arguments made on her behalf at the hearing. First, Lebbos argues that the nonappearance fees were unreasonable, unnecessary, and unconscionable as the depositions were cancelled over one week in advance. She fails to mention that the defendants purported to cancel the depositions unilaterally and without the consent of the plaintiff or a protective order from this court. Thus, this argument fails.

Lebbos next argues that the documents of which the plaintiff submitted certified copies were in the records of various courts and were available free of charge on the Internet. However, the availability of documents on the Internet does not do away with the need to authenticate documents in public or official records, such as by the use of certified copies, pursuant to Federal Rule

of Evidence 902(4), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9017. Thus, this argument fails.

Defendant Lebbos' next argument -- that the plaintiff did not need a certified copy of the application for a sister-state judgment -- is contradicted by the record, which establishes that the plaintiff used that judgment to prove the existence of creditors at the time of the fraudulent transfers at issue in this adversary proceeding.

Defendant Lebbos' remaining arguments -- that the costs are fraudulent, unconscionable, unnecessary, unreasonable, excessive, and subject to offset for previously-awarded fraudulent charges -- are not supported by the record.

### III. CONCLUSION

The plaintiff has submitted her declaration setting forth her costs incurred in this proceeding which have not been previously awarded, together with exhibits evidencing such costs. The court concludes that the costs were reasonably and necessarily incurred, and that the amounts charged are reasonable.

Thus, in accordance with Federal Rule of Bankruptcy Procedure 7054(b), the court will award the plaintiff costs in the amount of $1,133.40 against all the defendants. The court will issue an order consistent with this memorandum.

Dated: June 18, 2008

*/s/ Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

DATE: June 18, 2008                         _____
                                                 Andrea Lovgren