Case 07-02006 Filed 06/18/08 Doc 555



+POSTED ON WEBSITE
*NOT FOR PUBLICATION*

FILED
JUN 18 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BETSEY WARREN LEBBOS,<br><br>            Debtor.<br>_____<br><br>LINDA SCHUETTE,<br><br>            Plaintiff,<br><br>v.<br><br>BETSEY WARREN LEBBOS,<br>et al.,<br><br>            Defendants.<br>_____ | Case No. 06-22225-D-7<br><br><br><br><br><br><br>Adv. Pro. No. 07-2006-D<br><br>Docket Control No. MPD-9<br><br><br>DATE: June 18, 2008<br>TIME: 10:00 a.m.<br>DEPT: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

<u>MEMORANDUM DECISION</u>

Plaintiff Linda Schuette seeks an order allowing registration of the judgment entered in this proceeding in the Central District of California and other districts, pursuant to 28 U.S.C. § 1963. For the reasons set forth below, the court will grant the plaintiff's motion in part.

<u>I. INTRODUCTION</u>

On January 3, 2007, the plaintiff filed the complaint herein seeking to set aside alleged fraudulent transfers, to recover property and/or monetary damages, for turnover of property, and for declaratory relief. The defendants are Betsey Warren Lebbos,

individually and as a trustee of the Aida Madeleine Lebbos No. 2 Trust, and Jason Gold and Thomas Carter, as co-trustees of the Aida Madeleine Lebbos No. 2 Trust.

On April 17, 2008, this court issued findings of fact and conclusions of law on the plaintiff's motion for default judgment against all the defendants, and a judgment against all the defendants. The judgment determined the right, title, and interest in certain real property commonly known as 2121 East First Street, #202, Long Beach, California 90803 ("the Property"), located within the Central District of California. In particular, pursuant to the judgment, certain transfers of the Property were set aside and avoided, and all right, title, and interest in and to the Property was awarded to the plaintiff.

Pursuant to the judgment, the plaintiff's interest in the Property was determined to be superior to any interest of defendants Lebbos, Gold, and Carter, and each of them, and the defendants, and each of them, were ordered to turn over to the plaintiff the Property, all keys, access codes, and access cards to the Property and to common areas in the building in which the Property is located, and all insurance coverage information for the Property. Also pursuant to the judgment, the plaintiff was granted immediate access to, control over, and possession of the Property.

On May 13, 2008, the plaintiff filed a Motion for Order Directing Clerk to Register Judgment Under 28 U.S.C. § 1963 ("the Motion"), supported by the plaintiff's declaration in which she testified that none of the defendants has turned over possession or control of the Property to her, and that none has provided her

with the keys, access codes, or access cards.  Instead, the defendants have appealed from the orders entering their defaults and from the judgment.  According to the plaintiff's counsel's declaration, the defendants have unsuccessfully sought a stay from the United States District Court, the Bankruptcy Appellate Panel, and the Ninth Circuit Court of Appeals.

On June 3, 2008, Defendant Betsey Warren Lebbos filed opposition to the Motion and a declaration, and a hearing was held on June 18, 2008.  The following parties appeared and presented oral argument:  John Read (by telephone), making a special appearance for defendant Betsey Warren Lebbos (by telephone), and Howard Nevins, making a special appearance for Michael Dacquisto, counsel for the plaintiff.

The Motion having been briefed and argued by those parties wishing to be heard, the court took the Motion under submission.

## II. ANALYSIS

This court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1).  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E) & (H).

Pursuant to 28 U.S.C. § 1963, a judgment for the recovery of money or property entered in a bankruptcy court may be registered by filing a certified copy of the judgment in any other district, but only when the judgment has become final or "when ordered by the court that entered the judgment for good cause shown."

The procedure is typically invoked where a judgment debtor has assets in a district other than the one in which the judgment was entered.  See Finova Capital Corp. v. Richard A. Arledge, Inc., 2008 U.S. Dist. LEXIS 27868, *6 (D. Ariz. 2008); Blaine

Case 07-02006   Filed 06/18/08   Doc 555

Case 07-02006   Filed 06/18/08   Doc 555

Larsen Processing, Inc. v. Hapco Farms, Inc., 2000 U.S. Dist. LEXIS 22870, *42-44 (Dist. Idaho 2000); In re Southern Industrial Banking Corp., 121 B.R. 229, 232 (Bankr. E.D. Tenn. 1990).[1]

In the present case, the rationale for permitting registration of the judgment in the Central District of California is even more compelling, in that the judgment directly awards to the plaintiff all right, title, and interest in the Property, which is located in that district. The judgment is on appeal, the defendants have not obtained a stay pending appeal, they have not posted a bond, and they have not turned over control of, access to, and possession of the Property to the plaintiff. These factors comprise good cause for permitting registration of the judgment in the Central District of California, where the Property is located, as a necessary and appropriate enforcement mechanism.

The court has considered defendant Lebbos' opposition and the arguments made on her behalf at the hearing. With one exception, these arguments go to the merits of the judgment, and the court finds them not pertinent to the good cause analysis required under § 1963. Defendant Lebbos' other argument, that "[t]here is no enforcement that can take place in another district," is not supported by any analysis and is contradicted

---

1.

It is well established that the "good cause" requirement may be satisfied by showing that the party against whom the judgment was entered has insufficient assets to satisfy the judgment in the district in which the case was brought, but has assets in another state.

Blaine Larsen Processing, Inc., 2000 U.S. Dist. LEXIS 22870, at *43.

by the fact that the Property is located in the Central District of California. Registration of the judgment in that district will allow the plaintiff to seek appropriate enforcement of the judgment with respect to the Property.

However, at this time, the court will decline to allow registration of the judgment in any district other than the Central District of California. The case law is clear that "good cause must be demonstrated for each state in which the Plaintiff seeks to register the judgment" (Blaine Larsen Processing, Inc., 2000 U.S. Dist. LEXIS 22870, at *44), and that registration will be permitted only in districts where the judgment debtor is shown to have assets. Finova Capital Corp., 2008 U.S. Dist. LEXIS 27868, at *7. At this time, the plaintiff has not identified any property of any defendant that is located in any other district.

### III. CONCLUSION

The plaintiff has testified that the defendants have not turned over possession or control of the Property to her, and have not provided her with the keys, access codes, or access cards for the Property. Inasmuch as the judgment is on appeal, and the defendants have failed to post a bond or obtain a stay pending appeal, and inasmuch as the judgment pertains directly to property located within the Central District of California, the court will permit the plaintiff to register the judgment in the Central District of California, pursuant to 28 U.S.C. § 1963. As to districts other than that district, the motion will be denied.

The plaintiff is to submit an appropriate order.

Dated: June 18, 2008

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

Case 07-02006   Filed 06/18/08   Doc 555

# CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

DATE: June 18, 2008          Andrea Lovgren