

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:  NO. 06-22225-D-7

BETSEY WARREN LEBBOS

        Debtor    /

LINDA SCHUETTE       Adv. No: 07-2006

        Plaintiff      DCN:    MPD-10

vs                                  Date:   October 19, 2009
                                    Time:   10:00 a.m.
BETSEY WARREN LEBBOS, et. al.,     Place:  Courtroom 34, Dept D
                                                    501 I Street, 6th Floor
                                                    Sacramento, CA 95814
        Defendants   /

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court makes the following findings of fact and conclusions of law on the Trustee's Motion for Order Holding Defendants Betsey Warren Lebbos, Jason Gold and Thomas Carter in Civil Contempt of Court (hereafter "Motion"), bearing Docket Control No. MPD-10, filed by plaintiff LINDA SCHUETTE (hereafter "SCHUETTE"). At the request of the court, following the evidentiary hearing on the date and at the time and place set forth above, counsel for SCHUETTE submitted proposed findings of fact and conclusions of law, together with a proposed order. At the same time, counsel for SCHUETTE informed the court, through the courtroom deputy for Department D, that defendant and responding party Jason Gold (hereafter "GOLD") had informed counsel for SCHUETTE after the evidentiary hearing

Page 1

that he, GOLD, had filed a personal bankruptcy in the Central District of California, Case No. 09-30376.

This court has now determined that on August 4, 2009, GOLD filed a chapter 7 petition which was assigned that case number in the United States Bankruptcy Court for the Central District of California; the case has been pending since that time. As a result of that filing, the Motion, as against GOLD, is and has been stayed by operation of law, 11 U.S.C. § 362(a), and the court will make no findings or conclusions as to GOLD and will issue no order against GOLD at this time. The court notes that although GOLD filed opposition to the Motion, filed joinders in motions to change venue and disqualify the undersigned as the judge in the matter, filed a response to SCHUETTE's reply, filed a witness list, appeared by telephone at the initial hearing on September 16, 2009, and appeared at the evidentiary hearing on October 19, 2009, all after the commencement of his chapter 7 case on August 4, 2009, at no time did GOLD inform the court of his chapter 7 filing.

The court having considered the pleadings, documentary evidence, and testimony presented in connection with the Motion makes the following findings of fact and conclusions of law. Each of these findings of fact was established by SCHUETTE by clear and convincing evidence.

**FINDINGS OF FACT**

1. This adversary proceeding arises from the captioned bankruptcy case referenced above. This court has jurisdiction of this case under 28 U.S.C. §1334. Venue rests with this court under 28 U.S.C. §1409. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (E), (H) and (O).

2. On April 17, 2008 this court filed a judgment (hereafter "Judgment") against BETSEY WARREN LEBBOS, (hereafter "LEBBOS"), GOLD, and THOMAS CARTER (hereafter "CARTER") in the captioned adversary action referenced above. The Judgment was served on LEBBOS and CARTER. See Judgment attached as Exhibit A to Exhibits in Support of Motion filed August 19, 2009.

/ / /

3. Paragraph 6 of the Judgment states:

"6. LEBBOS, GOLD, and CARTER, and each of them, are hereby permanently enjoined, prevented, and restrained from any further actions or efforts to convey, transfer, encumber, or otherwise affect the title to or the encumbrances on the CONDO" See Judgment ¶6.

4. Paragraph 7 of the Judgment states:

"7. LEBBOS, GOLD, and CARTER, and each of them, are ordered and directed to provide SCHUETTE with an accounting showing the total rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through the date SCHUETTE obtains possession of the CONDO" See Judgment ¶7.

5. Paragraph 8 of the Judgment states:

"8. LEBBOS, GOLD, and CARTER, and each of them, are ordered and directed to turn over to SCHUETTE the total amount of rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through the date SCHUETTE obtains possession of the CONDO" See Judgment ¶8.

6. SCHUETTE obtained possession of the CONDO on July 28, 2009. See Declaration of SCHUETTE in Support of Motion filed August 19, 2009, ¶7.

7. LEBBOS and CARTER violated paragraph 6 of the Judgment by having five separate NOTICE OF PENDENCY OF ACTION (LIS PENDENS) recorded with the Los Angeles County Recorder's office. Those documents were recorded on June 16, 2008 as document numbers 20081065558, 20081065559, 20081065560, 20081065561 and

20081065562. See Exhibit B in Support of Motion filed August 19, 2009. By recording those documents LEBBOS and CARTER acted to "encumber or otherwise affect the title . . . to the CONDO" in violation of paragraph 6 of the Judgment.

8. By letter dated June 28, 2008 to LEBBOS and CARTER and their attorney John Read (hereafter "READ") were all advised that recording these LIS PENDENS violated paragraph 6 of the Judgment and asked to record a Notice of Withdrawal of Lis Pendens as to each recorded document. See Exhibit C in Support of Motion filed August 19, 2009. As of August 19, 2009, these LIS PENDENS had not been withdrawn. See Declaration of Michael Dacquisto (hereafter "DACQUISTO") in Support of Motion filed August 19, 2009, ¶6.

9. LEBBOS violated paragraph 6 of the Judgment by undertaking numerous efforts to prevent SCHUETTE from obtaining and maintaining possession of the CONDO. On July 17, 2009 the US Marshal posted a notice to LEBBOS, GOLD, CARTER and all occupants of the CONDO directing them to vacate the CONDO no later than July 28, 2009 at 12:00 noon. See Exhibit D in Support of Motion filed August 19, 2009. On that same day, July 17, 2009, LEBBOS signed the name Joseph Giovanazzi (hereafter "GIOVANAZZI") "by [her initials]," and had delivered to SCHUETTE a "THREE DAY NOTICE TO QUIT AND DELIVER UP PREMISES AT 2121 EAST FIRST STREET, UNIT 202, LONG BEACH, CA 90803 DUE TO YOUR NON-PAYMENT OF RENT AND YOUR UNLAWFUL PURPOSE". See Exhibit E in Support of Motion filed August 19, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

10. On July 30, 2009 LEBBOS sent an email to the treasurer of the homeowner's association for the building where the CONDO is located which directed them not to provide a key to the front door to SCHUETTE, claimed federal indictments against SCHUETTE and DACQUISTO would issue shortly, and stated that the recorded owner and the only recorded owner was GIOVANAZZI, co-trustee of the Aida Madeline Lebbos Trust II, that there was no court order invalidating GIOVANAZZI's deed, that GIOVANAZZI's deed was the only valid deed, that GIOVANAZZI was the owner of the CONDO, that SCHUETTE and DACQUISTO are con artists, that they fabricated a non-

existent court order giving SCHUETTE possession, but not title, that SCHUETTE and DACQUISTO would probably be sent to federal prison, and that GIOVANAZZI was the only one having the right of access to the building and the CONDO.  See Exhibit F in Support of Motion filed August 19, 2009.  Preparation and delivery of this document violates paragraph 6 of the Judgment.

11. Starting on July 31, 2009 and continuing through August 19, 2009, LEBBOS has posted a notice on the front door to the CONDO, every day, stating, "POSTED JULY 31, 2009 AND DAILY. LINDA SCHUETTE DOES NOT OWN THIS UNIT. SHE HAS NO DEED. SHE IS RUNNING AN AMBUSH OWNERS SCAM. ATTORNEY GIOVANAZZI OWNS THIS PROPERTY. HIS DEED IS ATTACHED." See Exhibit G in Support of Motion filed August 19, 2009.  Preparation, posting and delivery of this document violates paragraph 6 of the Judgment.

12. On July 24, 2009 LEBBOS, using her own name, sent an email to JOSEPH MULHERN (hereafter "MULHERN") and LATONYA JENNINGS (hereafter "JENNINGS"), the two tenants occupying the CONDO, from LEBBOS' email address of lawyerdefendyourself@juno.com. That email told MULHERN and JENNINGS among other things that they should not deliver their keys to the CONDO to anyone and that GIOVANAZZI was the only person who had a deed to the CONDO and who had any right to the CONDO. See Exhibit K in Support of Motion filed August 19, 2009.  See Supplemental Declaration of DACQUISTO in Support of Motion filed August 19, 2009.  Preparation and delivery of this email violates paragraph 6 of the Judgment.

13. On August 10, 2009 LEBBOS caused a NOTICE OF PENDENCY OF ACTION (LIS PENDENS) to be recorded with the Los Angeles County Recorder's office as document number 20091221768. See Exhibit V in Support of Motion filed September 8, 2009. Preparation and recording of this document violates paragraph 6 of the Judgment.

14. On August 14, 2009 LEBBOS prepared and signed GIOVANAZZI's name to a 30 Day Notice to Terminate Tenancy directed to SCHUETTE, her agents, sublessees, servants and employees, which purported to terminate SCHUETTE's right to possession of

the CONDO. See Exhibit M in Support of Motion filed August 24, 2009. See Second Supplemental Declaration of DACQUISTO in Support of Motion filed August 24, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

15. On August 19, 2009 LEBBOS prepared and caused to be delivered a "Fax Transmittal Message," under GIOVANAZZI's name and signature, which accused SCHUETTE of taking possession of the CONDO through "force and violence and fabrication of a non-existent writ of possession," referred to the CONDO as "my [GIOVANAZZI's] real property," and stated that arrest warrants had been requested against SCHUETTE and DACQUISTO "because of their commission of a number of federal and state crimes." See Exhibit N in Support of Motion filed August 24, 2009 and Exhibits R and S in Support of Motion filed September 8, 2009. Preparation and delivery of these documents violates paragraph 6 of the Judgment.

16. On August 20, 2009 LEBBOS prepared, signed in her own name, and delivered a letter to DACQUISTO stating that DACQUISTO and SCHUETTE "stole" the CONDO and that there was "no court order authorizing her to touch the property." The letter demanded that SCHUETTE "restore the property to its owners and pay damages as well as serve a substantial jail term." See Exhibit O in Support of Motion filed August 24, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

17. On August 22, 2009 LEBBOS prepared, signed GIOVANAZZI's name to, and delivered a letter to GREG BINGHAM (hereafter "BINGHAM") and RICK JENKINS (hereafter "JENKINS"), representatives of COLDWELL BANKER (hereafter "CB"), the real estate broker hired by SCHUETTE to market and sell the CONDO and whose employment was approved by order of this court in the parent bankruptcy case filed on August 20, 2009. LEBBOS asserted that GIOVANAZZI as the co-trustee of the Aida Madeline Lebbos Trust II was the owner of the CONDO, that SCHUETTE had no right, title, or interest in the CONDO, that SCHUETTE was unlawfully on GIOVANAZZI's premises (the CONDO), that SCHUETTE was being evicted from the CONDO, that SCHUETTE "has no title," that BINGHAM was unlawfully interfering with GIOVANAZZI's

title, his deed, and his ownership, that if BINGHAM or JENKINS entered the CONDO again, GIOVANAZZI would have them arrested for trespass, that he would sue CB, BINGHAM, and JENKINS for interfering with his ownership of the CONDO if they got near the door again or entered the CONDO, and that their malicious destruction of his deed placed on his door entitled him to punitive damages against them for fraud and malice. See Exhibit Q in Support of Motion filed August 24, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

18. On August 25, 2009 LEBBOS, using GIOVANAZZI's name, sent an email to CB which asserted GIOVANAZZI was the title owner of the CONDO and that SCHUETTE and DACQUISTO were engaged in an "Ambush Owners" scam "where they steal property from owners without notice and sell the property and keep the money for themselves," and suggested that CB "not list property at their request as they have no deed to the property." See Exhibit T in Support of Motion filed September 8, 2009. This email came from lawyerdefendyourself@juno.com which is the email address for LEBBOS. This email gave a contact telephone number of 562-889-5812. That telephone number belongs to LEBBOS. See Docket Item #38 filed on October 26, 2006 in the parent bankruptcy case, Ex. B, p. 2. The testimony of JENNINGS at the hearing on October 19, 2009 confirms this telephone number belongs to LEBBOS. Preparation and delivery of this document violates paragraph 6 of the Judgment.

19. On August 26, 2009 LEBBOS, under the name of GIOVANAZZI and under his own signature, wrote to the chairman of the Ocean Park Homeowner's Association, the Homeowner's Association for the building where the CONDO is located, and again asserted that SCHUETTE has no right, title, or interest in the CONDO, asked that the chairman "recognize my [GIOVANAZZI's] ownership and stop interfering and trying to undermine and deprive me of my ownership," and accused the chairman of committing perjury, which "is going to be revealed." See Exhibit U in Support of Motion filed September 8, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

/ / /

20. On August 27, 2009 LEBBOS, again signing GIOVANAZZI's name, wrote to BINGHAM, JENKINS and WILLIAM FRIEDMAN (hereafter "FRIEDMAN"), agents for CB, advising them that SCHUETTE had no right, title, or interest in the CONDO, stating that they should protect themselves from being named as accessories and facing being sent to prison with SCHUETTE and DACQUISTO, asking that they "warn other realtors," and stating that SCHUETTE "stole" the key to the CONDO and that SCHUETTE "will soon be evicted from my unit." See Exhibit V in Support of Motion filed September 8, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

21. On August 30, 2009, LEBBOS called BINGHAM and left a voicemail message asking him where he wanted to be served, whether at home or at his office, and stated GIOVANAZZI was suing him for $15,000,000. See Exhibit W in Support of Motion filed September 8, 2009. The leaving of this message violates paragraph 6 of the Judgment.

22. On August 30, 2009, LEBBOS, under GIOVANAZZI's name, wrote to BINGHAM, JENKINS and FRIEDMAN accusing BINGHAM of trespass and setting forth a litany of reasons why they could not lease or sell the CONDO. She stated, "you intend to defraud prospective purchasers or renters that you can sell or rent my property," thanked them "for providing me with your non-immune wealth to pay me and the Aida Madeleine Lebbos No. 2 Trust not only compensatory damages but punitive damages if you continue to trespass on my property," and ended the letter with a request asking where they wanted to be served with "my lawsuit." See Exhibit Y in Support of Motion filed September 8, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

23. On September 3, 2009 LEBBOS, again under GIOVANAZZI's name, sent an email to Sandra Slater, a member of the board of directors of the Homeowner's Association for the CONDO, stating that DACQUISTO had made up a writ of possession without a judge's approval and with no court order, and asking for the right to attend a meeting of the homeowners of the CONDO building. See Exhibit Z in Support of Motion filed September 8, 2009. Preparation and delivery of this document violates paragraph 6 of the Judgment.

24. LEBBOS and CARTER have not complied with Paragraph 7 of the Judgment. They have not provided SCHUETTE with an accounting showing the total rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through the date SCHUETTE obtained possession of the CONDO, as required by that paragraph of the Judgment. See Declaration of SCHUETTE in Support of Motion filed August 19, 2009, ¶9. See Declaration of DACQUISTO in Support of Motion filed August 19, 2009, ¶13.

25. LEBBOS and CARTER have not complied with Paragraph 8 of the Judgment. They have not turned over to SCHUETTE the total amount of rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through the date SCHUETTE obtained possession of the CONDO. They have not turned over any rent to SCHUETTE. See Declaration of SCHUETTE in Support of Motion filed August 19, 2009, ¶10. See Declaration of DACQUISTO in Support of Motion filed filed August 19, 2009, ¶13.

26. Since entry of the Judgment, LEBBOS has actively managed the CONDO and has received rent from tenants living in the CONDO. LEBBOS leased the CONDO to JENNINGS and MULHERN on March 29, 2009. The monthly rent for JENNINGS was $575.00. The monthly rent for MULHERN was $550.00. JENNINGS and MULHERN paid their rent, and one month security deposit of $575.00 for JENNINGS and $550.00 for MULHERN, directly to LEBBOS. JENNINGS and MULHERN paid rent for their occupancy of the CONDO to LEBBOS for the months of April, May, June and July 2009 in the amounts stated above. See Exhibit H in Support of Motion, filed August 19, 2009. See Declaration of JENNINGS in Support of Motion, filed August 19, 2009. See Declaration of MULHERN in Support of Motion, filed August 19, 2009.

27. The rent and security deposits paid by JENNINGS and MULHERN to LEBBOS were made directly into a bank account owned and controlled by LEBBOS. See Exhibit I in Support of Motion, filed August 19, 2009. See Declaration of DACQUISTO in Support of Motion, ¶11.

28.     LEBBOS and CARTER have not produced any evidence showing that they have complied with Paragraphs 6, 7 or 8 of the Judgment. LEBBOS and CARTER have the present ability to comply with Paragraphs 6, 7 and 8 of the Judgment.

29.     LEBBOS and CARTER have not produced any evidence showing their inability to comply with Paragraphs 6, 7 or 8 of the Judgment.

In making the findings of fact set forth above this court has specifically considered the following factors.

**Harm From Non Compliance**

The actions of LEBBOS and CARTER have caused substantial harm to the bankruptcy estate. Evidence was presented showing LEBBOS collected total rent of $2,200.00 and a security deposit of $550.00 from MULHERN and total rent of $2,300.00 and a security deposit of $575.00 from JENNINGS. These funds total $5,625.00. This money is property of the bankruptcy estate. The failure of LEBBOS to turn this money over to the bankruptcy estate has caused substantial harm to the estate. The failure of LEBBOS and CARTER to provide the estate an accounting for rents collected for the CONDO has caused substantial harm to the estate.

The actions of LEBBOS and CARTER in recording the LIS PENDENS, refusing to withdraw them, and the actions of LEBBOS in asserting that SCHUETTE has no title to the CONDO and that title is in the name of LEBBOS and/or a third party have caused substantial harm to the estate.  These actions, among other things, make marketing and sale of the CONDO much more difficult than it need be. These actions all affect title to the CONDO in violation of Paragraph 6 of the Judgment. It is apparent that these actions have caused the bankruptcy estate to incur substantial administrative expense to deal with LEBBOS and CARTER, all to the detriment of other creditors of the estate.

**Probable Effectiveness of the Sanction**

LEBBOS and CARTER have refused to voluntarily comply with the Judgment despite having ample time and opportunity to do so. Additional orders from this court, including the proposed sanctions, are the next reasonable and logical step to obtain compliance with the

judgment from LEBBOS and CARTER.

**Contemnors' Financial Resources and Burden Sanctions May Impose**

The financial resources of CARTER are unknown. No evidence was presented as to the financial resources of CARTER. Evidence was presented showing LEBBOS collected total rent of $2,200.00 and a security deposit of $550.00 from MULHERN and total rent of $2,300.00 and a security deposit of $575.00 from JENNINGS. The total of these sums is $5,625.00. Her financial resources include at least that amount of money. While the proposed sanctions might impose a burden on LEBBOS and CARTER, that burden is small when compared to the harm caused the bankruptcy estate by the conduct of LEBBOS and CARTER.

**Contemnors' Willfulness in Disregarding the Judgment**

LEBBOS and CARTER have willfully and intentionally disregarded the Judgment. The evidence presented is replete with example after example of this willful and intentional conduct. LEBBOS has undertaken every means available to her to prevent SCHUETTE from complying with duties and every means available to her to violate the Judgment. Each of the letters sent by LEBBOS is a specific, direct and intentional action that violates Paragraph 6 of the Judgment. Each of the LIS PENDENS recorded against the CONDO is a specific, direct and intentional action that violates Paragraph 6 of the Judgment. Her actions in refusing to provide an accounting for rents collected from the CONDO is a specific, direct and intentional action that violates Paragraph 7 of the Judgment. Her actions in managing the CONDO, renting the CONDO, collecting rent and security deposits for the CONDO is a specific, direct and intentional action that violates paragraph 8 of the Judgment.

LEBBOS' conduct throughout this litigation, in the parent bankruptcy case and in the adversary action, has been consistently designed to frustrate SCHUETTE from performing her statutory duties and to frustrate this court from carrying out its functions. Her actions post judgment, as set forth above, merely continue her past conduct. There is no excuse or reasonable explanation for her actions.

/ / /

**CONCLUSIONS OF LAW**

1. LEBBOS and CARTER have not complied with Paragraph 6 of the Judgment. They have engaged in actions or efforts to convey, transfer, encumber, or otherwise affect the title to or the encumbrances on the CONDO which they were permanently enjoined from doing by that paragraph of the Judgment.

2. LEBBOS and CARTER have not complied with Paragraph 7 of the Judgment. They have not provided SCHUETTE with an accounting showing the total rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through the date SCHUETTE obtained possession of the CONDO as required by that paragraph of the Judgment.

3. LEBBOS and CARTER have not complied with Paragraph 8 of the Judgment. They have not turned over to SCHUETTE the total amount of rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through the date SCHUETTE obtained possession of the CONDO.

4. LEBBOS and CARTER are found to be in civil contempt of this court and the Judgment issued on April 17, 2008.

Dated: NOV 18 2009

Honorable Robert S. Bardwil
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Michael P. Dacquisto
1901 Court St
Redding, CA 96001

Betsey Warren Lebbos
PO Box 41306
Long Beach, CA 90853-1306

Jason P. Gold
315 Obispo St #7
Long Beach, CA 90814

Thomas Carter
PO Box 41175
Long Beach, CA 90853

DATED: 11/18/09      By: _____
                         Deputy Clerk
                         BARBARA REYNOLDS

EDC 3-070 (New 4/21/00)