Case 07-02006    Filed 02/23/10    Doc 705

FILED

FEB 23 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    ) Case No. 06-22225-D-7
                                         )
BETSEY WARREN LEBBOS,                    )
                                         )
         Debtor.                         )
_____)
                                         )
LINDA SCHUETTE,                          ) Adv. Proc. No. 07-2006
                                         ) Docket Control No. MPD-10
         Plaintiff,                      )
v.                                       )
                                         )
BETSEY WARREN LEBBOS, et al.,            )
                                         )
         Defendants.                     )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

By order filed on November 18, 2009 (hereafter "ORDER") the court set a further hearing on the Trustee's Motion for Order Holding Defendants Betsey Warren Lebbos, Jason Gold and Thomas Carter in Civil Contempt of Court for January 20, 2010 at 10:00 a.m. to consider whether BETSEY WARREN LEBBOS (hereafter "LEBBOS") and THOMAS CARTER (hereafter "CARTER") had complied with the ORDER. The January 20, 2010 hearing was continued to February 17, 2010 by the court to allow LEBBOS and CARTER to file supplemental papers in response to papers filed by the trustee LINDA SCHUETTE (hereafter "SCHUETTE"). LEBBOS and CARTER filed supplemental papers for the court to consider.

The court has considered all of the papers filed to date by LEBBOS, CARTER and SCHUETTE. The court heard argument on February 17, 2010 from LEBBOS and SCHUETTE. After consideration of these papers and the argument presented the court makes the following findings of fact and conclusions of law. Each of these findings of fact was established by SCHUETTE by clear and convincing evidence.

**FINDINGS OF FACT**

1. The ORDER of this court was properly served on LEBBOS and CARTER on November 18, 2009.

2. Paragraph 2 of the ORDER required that LEBBOS and CARTER provide SCHUETTE, within 20 calendar days after November 18, 2009, the date of service of the ORDER, an accounting showing the total rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and continuing through July 28, 2009. Under the terms of the ORDER this accounting was to be provided no later than December 8, 2009, which was 20 calendar days after November 18, 2009.

3. LEBBOS and CARTER have failed to comply with paragraph 2 of the ORDER. That failure continues through the present date. The papers filed by LEBBOS and CARTER with this court do not demonstrate compliance with paragraph 2 of the ORDER.

4. Paragraph 3 of the ORDER required that LEBBOS and CARTER turn over to SCHUETTE, within 20 calendar days after November 18, 2009, the date of service of the ORDER, the total amount of rent generated by the CONDO, from any person or entity, starting on the date LEBBOS' bankruptcy petition was filed, June 26, 2006, and

continuing through July 28, 2009. Under the terms of the ORDER this rent was to be turned over no later than December 8, 2009, which was 20 calendar days after November 18, 2009.

5. LEBBOS and CARTER have failed to comply with paragraph 3 of the ORDER. That failure continues through the present date. The papers filed by LEBBOS and CARTER with this court do not demonstrate compliance with paragraph 3 of the ORDER.

6. Paragraph 4 of the ORDER required that LEBBOS and CARTER prepare and record, within 20 calendar days after November 18, 2009, the date of service of the ORDER, a Notice of Withdrawal of Lis Pendens for every Lis Pendens recorded against the CONDO by them or at their direction. Under the terms of the ORDER this was to be accomplished no later than December 8, 2009, which was 20 calendar days after November 18, 2009.

7. LEBBOS and CARTER have failed to comply with paragraph 4 of the ORDER. That failure continues through the present date. The Notice of Withdrawal of Lis Pendens attached to the pleading titled "Compliance with Court Order of November 18, 2009" filed by Lebbos and Carter on January 19, 2010, is so conditional and equivocal it is a withdrawal in name only. The substance of this document is not an effective withdrawal of the Lis Pendens. As such, the response filed by LEBBOS and CARTER with this court on January 19, 2010 does not demonstrate compliance with paragraph 4 of the ORDER.

8. Paragraph 5 of the ORDER provided that if LEBBOS and CARTER or either of them did not provide the accounting, or did not turn over the total rent collected or did not record the Notices of Withdrawal of Lis Pendens within the 20 calendar day period after

service of the ORDER then a monetary fine of $100.00 per day would be imposed on the party not in compliance, whether LEBBOS or CARTER or both, for each day the accounting was not provided or the total rent collected was not turned over or the Notices of Withdrawal of Lis Pendens were not recorded. The ORDER provided that this fine would continue until compliance with paragraphs 2, 3 and 4 of the ORDER had occurred and that this fine could be increased in the future, including the possibility of incarceration, if compliance with the ORDER did not occur.

9. Based on the failure of LEBBOS and CARTER to comply with the ORDER, as set forth above, the court orders a monetary fine of $100.00 per day against LEBBOS and a monetary fine of $100.00 per day against CARTER. This fine started on December 9, 2009 and will continue until further order of this court or until compliance with the ORDER and the respective provisions of the underlying Judgment in the adversary action captioned above occurs.

10. LEBBOS and CARTER have the present ability to comply with Paragraphs 2, 3 and 4 of the ORDER and the respective provisions of the underlying Judgment in the adversary action captioned above.

11. LEBBOS and CARTER have not produced any evidence showing their inability to comply with Paragraphs 2, 3 or 4 of the ORDER and the respective provisions of the underlying Judgment in the adversary action captioned above.

In making the findings of fact set forth above this court has specifically considered the following factors.

/ / /

/ / /

**Harm From Non Compliance**

This factor was discussed in the ORDER. Nothing has changed with respect to the previous findings of the court as set forth in the ORDER. The harm to the estate continues.

**Probable Effectiveness of the Sanction**

This factor was discussed in the ORDER. Nothing has changed with respect to the previous findings of the court as set forth in the ORDER. Additional orders from this court, including increased sanctions and potential incarceration, are the next reasonable and logical step to obtain compliance with the underlying Judgment in the adversary action captioned above and with the ORDER from LEBBOS and CARTER.

**Contemnors' Financial Resources and Burden Sanctions May Impose**

This factor was discussed in the ORDER. Nothing has changed with respect to the previous findings of the court as set forth in the ORDER.

**Contemnors' Willfulness in Disregarding the Judgment**

This factor was discussed in the ORDER. Nothing has changed with respect to the previous findings of the court as set forth in the ORDER.

**CONCLUSIONS OF LAW**

1. LEBBOS and CARTER have not complied with Paragraph 2 of the ORDER or the underlying provision of the Judgment in the adversary action captioned above. LEBBOS and CARTER remain in civil contempt of this court and the underlying Judgment in the adversary action captioned above.

2.   LEBBOS and CARTER have not complied with Paragraph 3 of the ORDER or the underlying provision of the Judgment in the adversary action captioned above. LEBBOS and CARTER remain in civil contempt of this court and the underlying Judgment in the adversary action captioned above.

3.   LEBBOS and CARTER have not complied with Paragraph 4 of the ORDER or the underlying provision of the Judgment in the adversary action captioned above. LEBBOS and CARTER remain in civil contempt of this court and the underlying Judgment in the adversary action captioned above.

Dated: FEB 23 2010

*Robert Bardwil*
Robert S. Bardwil, Judge
United States Bankruptcy Court

6

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 41306
Long Beach, CA 90853-1306

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

Jason Gold
16401 Shadburn Ave.
Placentia, CA 92870

Thomas Carter
P.O. Box 41175
Long Beach, CA 90853

DATE: February 23, 2010          _____
                                         Deputy Clerk