2007-02006
FILED
July 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002765316

**3**

1  MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894

2  1901 Court Street
Redding, California 96001

3

Telephone:  (530) 244-6007
4  Fax:         (530) 244-0907

5  Attorney for Linda Schuette, Chapter 7 Trustee

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  In re:                              NO. 06-22225-D-7

12  BETSEY WARREN LEBBOS

13            Debtor          /

14  LINDA SCHUETTE                  Adv. No: 07-2006

15            Plaintiff           DCN:    MPD-10

16

17      vs                         Date:   July 7, 2010
                                   Time:   10:00 a.m.
18  BETSEY WARREN LEBBOS, et.      Place:  Courtroom 34, Dept D
al.,                                      501 I Street, 6th Floor
19                                         Sacramento, CA 95814

20            Defendants      /

21          FINDINGS OF FACT AND CONCLUSIONS OF LAW

22      By Order After Hearing filed on June 14, 2010 (hereafter "JUNE ORDER") the court

23  set a further hearing on the Trustee's Motion for Order Holding Defendants Betsey Warren

24  Lebbos, Jason Gold and Thomas Carter in Civil Contempt of Court for July 7, 2010 at 10:00

25  a.m. to consider whether BETSEY WARREN LEBBOS (hereafter "LEBBOS") and THOMAS

26  CARTER (hereafter "CARTER") had complied with the Judgment of the court filed on April

27  17, 2008 (hereafter "JUDGMENT") and had complied with the post judgment orders of this

28  court filed on November 18, 2009 (hereafter "NOV ORDER"), February 23, 2010 (hereafter

RECEIVED
July 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002765316

"FEB ORDER") and June 14, 2010 (hereafter "JUNE ORDER").

The court has considered all of the papers filed to date by LEBBOS, CARTER and SCHUETTE. The court heard argument on July 7, 2010 from LEBBOS and SCHUETTE. After consideration of these papers and the argument presented the court makes the following findings of fact and conclusions of law. Each of these findings of fact was established by SCHUETTE by clear and convincing evidence.

**FINDINGS OF FACT**

1.      The court adopts and reaffirms its Findings of Fact as set forth in its FINDINGS OF FACTS AND CONCLUSIONS OF LAW filed on November 18, 2009, February 23, 2010 and June 14, 2010.

2.      LEBBOS and CARTER have continued in their failure to comply with the JUDGMENT and with the NOV ORDER, the FEB ORDER and the JUNE ORDER finding them in civil contempt. The papers filed by LEBBOS and CARTER with this court do not demonstrate otherwise. LEBBOS and CARTER have not produced any evidence demonstrating compliance with the JUDGMENT and with the NOV ORDER, the FEB ORDER and JUNE ORDER finding them in civil contempt. They continue to have the present ability to comply and have not demonstrated otherwise.

3.      Based on the failure of LEBBOS and CARTER to comply with the JUDGMENT and with the NOV ORDER, the FEB ORDER and the JUNE ORDER the court orders the present monetary fine of $300.00 per day against LEBBOS and CARTER be increased to $400.00 per day. This increase starts fifteen days after service on LEBBOS and CARTER of the Order After Hearing issued by this court with respect to the hearing held on July 7, 2010 and will continue until further order of this court or until compliance with the JUDGMENT and with the NOV ORDER, the FEB ORDER and the JUNE ORDER occurs.

In making the findings of fact set forth above this court has specifically considered the following factors.

**Harm From Non Compliance**

This factor was discussed in the NOV ORDER, the FEB ORDER and the JUNE

1  ORDER. Nothing has changed with respect to the previous findings of the court. The harm

2  to the estate continues.

3  **Probable Effectiveness of the Sanction**

4  This factor was discussed in the NOV ORDER, the FEB ORDER and the JUNE

5  ORDER. Nothing has changed with respect to the previous findings of the court. Additional

6  orders from this court, including increased sanctions and potential incarceration, are the

7  next reasonable and logical step to obtain compliance from LEBBOS and CARTER with the

8  JUDGMENT and with the NOV ORDER, the FEB ORDER and the JUNE ORDER.

9  **Contemnors' Financial Resources and Burden Sanctions May Impose**

10  This factor was discussed in the NOV ORDER, the FEB ORDER and the JUNE

11  ORDER. Nothing has changed with respect to the previous findings of the court.

12  **Contemnors' Willfulness in Disregarding the Judgment**

13  This factor was discussed in the NOV ORDER, the FEB ORDER and the JUNE

14  ORDER. Nothing has changed with respect to the previous findings of the court.

15  **CONCLUSIONS OF LAW**

16  1.    The court adopts and reaffirms its Conclusions of Law as set forth in its

17  FINDINGS OF FACTS AND CONCLUSIONS OF LAW filed on November 18, 2009,

18  February 23, 2010 and June 14, 2010.

19  2.    LEBBOS and CARTER have not complied with the provisions of the

20  JUDGMENT and with the NOV ORDER, the FEB ORDER and the JUNE ORDER. LEBBOS

21  and CARTER remain in civil contempt of this court and the underlying JUDGMENT in the

22  adversary action captioned above.

23

24

25  Dated:  July 12, 2010

26

27  _____

Robert S. Bardwil, Judge

28  United States Bankruptcy Court